FLORENCE McBRIDE, PLAINTIFF, v. NEW AMSTERDAM CASUALTY COMPANY, A CORPORATION OF THE STATE OF MARYLAND, DEFENDANT.

Decided January 23, 1934.

For the plaintiff, *Eichenbaum, Kantrowitz & Eichenbaum.*

For the defendant, *Joseph C. Paul.*

BROWN, S. C. C. The defendant moves to strike the complaint in the above entitled cause on the grounds that the "plaintiff is not in privity of contract as alleged in the complaint;" that the complaint does not set forth a cause of action; and "chapter 153, laws of 1924, does not contemplate a cause of action as set forth in the complaint. The complaint

to which the motion is addressed is in two counts; the first charging the defendant insurance company with having on January 15th, 1933, issued to one John Zemboski, a policy of insurance, a copy of which is annexed to the complaint in which the defendant company "did agree to indemnify the aforesaid John Zemboski as more particularly set forth in said policy of insurance." Other further averments are to the effect that while the policy of insurance was thus in effect the plaintiff "sustained great bodily injuries by reason of an accident occurring on premises commonly known as 34 Orient avenue, Jersey, New Jersey, and owned by the said John Zemboski, the above named assured.

In February, 1933, the plaintiff brought suit against Zemboski for those injuries and on November 24th, 1933, was awarded a verdict in the sum of $1,800. The plaintiff demanded payment of the judgment without success and an execution was returned unsatisfied by the sheriff on December 14th, 1933. Plaintiff also charges Zemboski with being insolvent and financially irresponsible.

The second count repeats the allegations in the first count and further charges that the cause of action "has accrued by virtue of "An act to provide for the regulations and incorporations of insurance companies and to enact the transaction of insurance business in this state (laws of 1902, page 407) as amended by the laws of 1924, chapter 153, page 352, of the State of New Jersey, and the various supplements and amendments thereto." While demurrers are abolished and motions are substituted therefore, the principles of the common law method of pleading are essentially followed:

The motion to strike is directed to the complaint generally and therefore is in the nature of a general demurrer. The motion not being in the nature of a special demurrer if there is a cause of action stated anywhere in the complaint the motion to strike should be denied.

By the terms of the policy of insurance, made part of the complaint, the defendant casualty company agreed to insure John Zemboski to the limit of $5,000 for bodily injuries sustained by any person by reason of the ownership, care and maintenance of the occupation of the premises referred to in

the complaint. The complaint also contains the further provision that "the bankruptcy or insolvency of the assured shall not release the company from any payment otherwise due hereunder and if, because of such bankruptcy or insolvency, an execution on a judgment against the assured is returned unsatisfied, the judgment creditor shall have a right of action against the company to recover the amount of said judgment to the same extent that the assured would have had to recover against the company had the assured paid the judgment."

*Pamph. L.* 1902, *p.* 407, provides for the incorporation of insurance companies, among other things, to indemnify against loss or damage resulting from accident to or injuries suffered by any person for which loss or damage the insured is liable. *Pamph. L.* 1924, *p.* 352, is a supplement to the law of 1902, and provides:

"No policy of insurance against loss or damage resulting from accident to or injury suffered by an employe or other person and for which the person insured is liable * * * shall be issued or delivered in this state by any corporation or other insurer authorized to do business in this state unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person * * * because of such insolvency or bankruptcy then an action may be maintained by the injured person * * * against such corporation under the terms of the policy for the amount of the judgment in said action not exceeding the amount of the policy * * *. A policy issued in violation of this section, nevertheless, shall be held valid but be deemed to include the provisions required by this section, and when any provision in such policy or rider is in conflict with the provisions required to be contained by this section, the rights, duties and obligations of the insurer, the policyholder and the injured person shall be governed by the provisions of this section."

The policy upon which suit is brought contains this statu-

tory requirement and both by the terms of the policy as well as the statutory enactment last quoted the plaintiff has a right of action against the defendant insurance company. The defendant also makes objection that the fact that execution was returned unsatisfied is no proof of insolvency. As stated in the case of *Horn v. Commonwealth Casualty Co.*, 105 N. J. L. 616:

"It is hard to conceive a more cogent proof of inability to answer pecuniary engagements than the return of an execution unsatisfied."

The motion to strike the complaint will be denied.